**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **SARAH ADULT DAY SERVICES, INC.**, 4580 Stephens Circle NW, Suite 200 Canton, Ohio 44718, <br><br> Plaintiff, <br><br> vs. <br><br> **THE BEYDA ADULT DAY CARE CENTER, LLC**, 754 Riverside Drive Coral Springs, Florida 33071-7006, <br><br> and <br><br> **ALAN BEYDA**, 754 Riverside Drive Coral Springs, Florida 33071-7006, <br><br> and <br><br> **LEWIS BEYDA**, 754 Riverside Drive Coral Springs, Florida 33071-7006, <br><br> and <br><br> **MEGAN BEYDA**, 754 Riverside Drive Coral Springs, Florida 33071-7006, <br><br> Defendants. | CASE NO. _____ <br><br> **JUDGE** _____ |

# PLAINTIFF'S PETITION FOR
# ORDER CONFIRMING ARBITRATION AWARD

Pursuant to 9 U.S.C. § 9 and 9 U.S.C. § 6, Plaintiff, Sarah Adult Day Services, Inc. ("Plaintiff"), respectfully petitions the Court as follows:

## INTRODUCTION

1. This is a petition to confirm an arbitration award issued by the American Aribtration Association ("AAA") in *Sarah Adult Day Care Services, Inc. v. the Beyda Adult Care Center, LLC, et al.*, AAA Case No. 01-018-0001-6101 (the "Sarah Arbitration").

2. In the Sarah Arbitration, Claimant Sarah Adult Day Services, the Plaintiff in this petition, brought a Demand for Arbitration against Respondents, the Beyda Adult Day Care Center, LLC ("Beyda"), Alan Beyda, Lewis Beyda, and Megan Beyda, the Defendants in this petition (collectively the "Defendants").

3. On February 28, 2019, the arbitration—selected in equal parts by the parties—entered a final award in favor of Plaintiff (the "Arbitration Award"). A true and accurate copy of the Arbitration Award is attached as **Exhibit 1**.

4. The Federal Arbitration Act ("FAA") permits a party to seek confirmation of an arbitration award. 9 U.S.C. § 9.

5. The FAA "expresses a presumption that arbitration awards will be confirmed." *Uhl v. Komatsu Forklift Co.*, 512 F.3d 294, 305 (6 Cir. 2008). The FAA further explains that if a party moves to confirm an arbitration award in court, the court "must grant such an order unless the award is vacated, modified or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9.

## PARTIES

6. Plaintiff Sarah Adult Day Care Services, Inc. is an incorporated entity with its principal place of business and corporate office located at 4850 Stephens Circle N.W., Canton, OH 44718. Plaintiff is a citizen of Ohio.

7. Defendant Beyda is a limited liability company organized and operating under the laws of the State of Florida, with a principal place of business located at 754 Riverside Drive, Coral Springs, Florida 33071-7006. Defendant Beyda is a citizen of Florida.

8. Defendants Alan Beyda, Lewis Beyda, and Megan Beyda are citizens of Florida, and members of Defendant Beyda.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), based on the diversity of citizenship of the parties. The amount in controversy, inclusive of injunctive relief, though exclusive of costs and interest, exceeds $75,000. Further, the value of the injunctive relief to Plaintiff exceeds $75,000. This Court also has federal question jurisdiction under 28 U.S.C. § 1331 as this petition is filed under the Federal Arbitration Act, 9 U.S.C. § 1, et seq.

10. Venue is proper in this judicial district pursuant to 9 U.S.C. § 9 because the franchise/arbitration agreement, dated September 21, 2005 (the "Agreement") specified the state of federal courts of Stark County, Ohio to have exclusive jurisdiction. A true and accurate copy of the Agreement is attached as **Exhibit 2**. Additionally, as indicated in the Arbitration Award, the arbitration proceeding commenced on November 27, 2018 and November 28, 2018 in a live and teleconference hearing in Akron, Ohio and Coconut Creek, Florida.

## FACTS

11. Plaintiff initiated arbitration proceedings premised on a breach of the Agreement whereupon Defendants filed an answer on September 21, 2018.

12. An Arbitrator was designated by the parties in accordance with the arbitration clause contained in Paragraph 22 of the Agreement. The arbitration clause was agreed by all of the parties to be binding upon them. *See* Arbitration Award, page 1.

13. All of the parties were represented by counsel for the presentation of claims, defenses, evidence and argument. *Id*.

14. An arbitration proceeding commenced on November 27, 2018 and November 28, 2018 in a live and teleconference hearing in Akron, Ohio and Coconut Creek, Florida.

15. The parties' submitted post-hearing briefing on January 29 and 30, 2019.

16. On February 28, 2019, the Arbitrator entered an Award in favor of Plaintiff.

## COUNT ONE – CONFIRMATION OF ARBITRATION AWARD

17. Plaintiff repeats and incorporates each and every allegation contained in the paragraphs above as if fully set forth herein.

18. The FAA, 9 U.S.C. § 9, provides that any time within one year of an arbitration award, any party may apply to the court for an order confirming the award. Section 9 requires that the court confirm the award unless the award is vacated or modified as narrowly prescribed in Section 10 and 11 of the FAA.

19. FAA sets out an extremely narrow set of circumstances in which an award may be vacated or modified, none of which apply to this case.

20. The instant application is the proper procedure to confirm the award and enter judgment.

21. The application is also timely as the Arbitration Award was just entered on February 28, 2019.

22. All parties agreed to be bound to arbitration and the Arbitration Award.

23. Accordingly, this honorable Court should enter an order confirming the arbitration award entered on February 28, 2019, and granting judgment by Plaintiff against the Defendants, the Beyda Adult Day Care Center, LLC ("Beyda"), Alan Beyda, Lewis Beyda, and Megan Bayda, jointly and severally, in the amount of TEN THOUSAND EIGHT HUNDRED EIGHTY-FIVE DOLLARS ($10,885.00) with interest at the statutory judgment rate from February 28, 2019. *See* page 3 on Arbitration Award.

24. Additionally, this honorable Court should enter an order confirming the Arbitration Award enjoining Beyda as follows:

A) Commencing not later than ninety (90) days after the date of this Award, Beyda shall not for one (1) year operate or have any interest in any adult day care facility at or within fifty (50) miles of 754 Riverside Dr., Coral Springs, Florida 33071, or within twenty (20) miles of the Sarah Adult Day Care Center in Pembroke Pines, Florida.

B) Beyda shall immediately deliver to Sarah [Plaintiff] all Operations Manuals and other guidance documents pertaining to the operation of an adult day care center that have been received by Beyda from Sarah [Plaintiff].

C) Beyda shall immediately cease the use of and cause the removal of all references to Sarah [Plaintiff] in connection with Beyda in any print or electronic media by which the public may reasonably be expected to seek adult day care services in Broward County, Florida, and shall immediately cease to use and shall notify the public and any applicable governmental and non-governmental entities that it has ceased to use telephone number 954-341-7788.

D) Beyda shall immediately execute and tender to the Landlord an assignment to Sarah [Plaintiff], effective not later than ninety (90) days from the date of this Award, of all of Beyda's interest in the Demised Premises described

as 754/756/758 Riverside Drive, Coral Springs, Florida, under the lease between Beyda and Plaza at Coral Springs, LLC, dated June 1, 2006.

*See* pages 2-3 on the Final Arbitrator's Award (the "Award"), attached as **Exhibit 1**.

WHEREFORE, Plaintiff respectfully requests a confirmation of the Arbitration Award and a judgment in Plaintiff's favor consistent with the Arbitration Award as authorized by 9 U.S.C. § 9 *et seq*. and any other relief this Court deems equitable or just.

Respectfully submitted,

/s/ *Matthew P. Mullen*
Matthew P. Mullen (0063317), and
John P. Maxwell (0064270) of
KRUGLIAK, WILKINS, GRIFFITHS
 & DOUGHERTY CO., L.P.A.
405 Chauncey Avenue NW
New Philadelphia, OH 44663
Phone:  (330) 364-3472/Fax:  (330) 602-3187
jmaxwell@kwgd.com; mmullen@kwgd.com
ATTORNEYS FOR PLAINTIFF