# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| SARAH ADULT DAY SERVICES, INC., | CASE NO. 5:19-CV-614 |
| PLAINTIFF, | JUDGE SARA LIOI |
| vs. | |
| | MEMORANDUM OPINION AND ORDER |
| BEYDA ADULT DAY CARE CENTER, LLC, et al., | |
| DEFENDANTS. | |

The matter comes before the Court upon plaintiff's filing styled, "Plaintiff's Notice of Dismissal of Bankruptcy and Renewed Motion for Order Confirming Arbitration Award." (Doc. No. 15 ["Mot."].) The Court having previously recognized the bankruptcy court's dismissal of the action *In re The Beyda Adult Day Care Center, LLC*, Case No. 19-14809-BKC-RBR (Bankr. S.D. Fla.) and reopened the present case, plaintiff's renewed motion, which is unopposed, is now ripe for resolution. (*See* Non-document Order, Aug. 27, 2019.) For the reasons that follow, the Court grants the renewed motion and confirms the arbitration award.

I. **BACKGROUND**

On March 20, 2019, plaintiff, Sara Adult Day Services, Inc., filed the present action against defendants, The Beyda Adult Day Care Center, LLC ("Beyda"), Alan Beyda, Lewis Beyda, and Megan Beyda (collectively, "individual defendants"), seeking confirmation of an arbitration award issued by the American Arbitration Association ("AAA") in *Sarah Adult Day Care Services, Inc. v. the Beyda Adult Care Center, LLC, et al.*, AAA No. 01-018-0001-6101.

(Doc. No. 1 (Complaint ["Compl."]) at 81.[1]) In connection with the filing of the present action, plaintiff filed an application to confirm the arbitration award. (Doc. No. 2 (Application).) Appended to the application was the Final Award of [the] Arbitrator. (Doc. No. 2-2 (AAA Final Award of Arbitrator ["Arb. Award"]).)

The underlying dispute between the parties involved a franchise agreement wherein plaintiff agreed to permit Beyda to operate an adult day care service under the brand and mark Sarah Adult Day Care Services. (Doc. No. 2–3 (Franchise Agreement ["Fran. Agr."]).) The franchise agreement had a non-competition/restraint of trade provision. (*Id.*, § 10(F).) Following the termination of the franchise agreement, plaintiff initiated arbitration proceedings to enforce the terms of the non-competition/restraint of trade provision.

On February 28, 2019, the arbitrator issued a final award enjoining Beyda from operating a competing adult day care facility within a fifty (50) mile radius of plaintiff's Coral Springs, Florida facility or within a twenty (20) mile radius of plaintiff's center in Pembroke Pines, Florida. (Arb. Award at 90.)[2] The arbitrator also ordered Beyda to return all of plaintiff's operating manuals and cease all advertisement associating Beyda with Sarah Adult Day Care Services. (*Id.* at 90–91.)

After plaintiff filed the present action, the Court received a Suggestion of Bankruptcy, advising that a voluntary petition was filed in the Untied States Bankruptcy Court for the Southern District of Florida by Beyda. (Doc. No. 11 (Suggestion of Bankruptcy).) Upon this filing, and by the agreement of plaintiff, the Court stayed this action against all defendants,

---

[1] All page numbers refer to the page identification number generated by the Court's electronic docketing system.

[2] The arbitrator determined that plaintiff was entitled to no relief—other than a reimbursement for a share of costs and fees—on its claims against the individual defendants. (*Id.* at 90–91.)

subject to reopening upon written motion of plaintiff or any interested party. (Doc. No. 12 (Order of Stay).)

On August 20, 2019, plaintiff filed the present notice and renewed motion to confirm the arbitration award. Appended to the notice and motion was an order dismissing Beyda's bankruptcy case. (Doc. No. 15-1 (Bankruptcy Order of Dismissal).) The Court reopened the case and granted defendants leave until September 9, 2019 to file a response to plaintiff's renewed motion to confirm the arbitration award. (Non-document Order, Aug. 27, 2019.) Defendants did not file a response, and the time for filing an opposition has now passed.

**II. DISCUSSION**

Pursuant to the Federal Arbitration Act, if the parties have agreed to judicial confirmation of an arbitration award, then at any time within one year after the award is made, any party to the arbitration may seek to confirm it. 9 U.S.C. § 9; *Hall Street Assoc., LLC v. Mattel, Inc.*, 552 U.S. 576, 587 n.6, 128 S. Ct. 1396, 170 L. Ed. 2d 254 (2008). "[C]onfirmation is a summary proceeding and the court *must* confirm the award where the award is not vacated, modified or corrected[.]" *Wachovia Sec., Inc. v. Gangale*, 125 F. App'x 671, 676 (6th Cir. 2005) (emphasis in original). Accordingly, "the plain language of the Federal Arbitration Act presumes that arbitration awards will be confirmed," and courts therefore play a "limited role in confirming an arbitration award under the Federal Arbitration Act[.]" *Id.*; *Shelby Cty. Health Care Corp. v. A.F.S.C.M.E., Local 1733*, 967 F.2d 1091, 1094 (6th Cir. 1992). This limited role is appropriate since "[t]he parties have contracted for a decision by arbitrators, not the Court." *Wachovia Sec.*, 125 F. App'x at 676–77.

"Courts thus do not sit to hear claims of factual or legal error by an arbitrator as an

appellate court does in reviewing decisions of lower courts. . . . [A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 38, 108 S. Ct. 364, 98 L. Ed. 2d 286 (1987). Indeed, in "[i]n an ordinary arbitration confirmation proceeding, the Court merely converts an arbitration award into a final judgment." *Farmers Crop Ins. Alliance v. Laux*, 422 F. Supp. 2d 898, 899 (S.D. Ohio 2006).

The FAA applies to agreements included in contracts "evidencing a transaction involving commerce[.]" 9 U.S.C. § 2; *see Stout v. Byrider*, 50 F. Supp. 2d 733, 735 (N.D. Ohio 1999). Here, the FAA applies to the parties' agreement to arbitrate controversies arising under the franchise agreement. (Fran. Agr. § 22.) Defendants agreed that the parties' arbitration agreement was binding on them, and they participated in arbitration before an AAA arbitrator, where they were represented by counsel.[3] (Arb. Award at 89.) Finally, the award has not been vacated, modified, or corrected, and the time for seeking to vacate, modify, or correct the award has expired. 9 U.S.C. § 12 (stating, "[n]otice of a motion to vacate, modify, or correct an award must

---

[3] Additionally, the Court finds that it has jurisdiction to entertain plaintiff's application. While the arbitration agreement does not specifically provide for the confirmation of arbitration awards, it does dictate that arbitration under the Federal Arbitration Act is the exclusive means of resolving disputes under the franchise agreement and that such arbitration is to be conducted "in accordance with the rules . . . of the American Arbitration Association[.]" (Fran. Agr. § 22 at 135.) Because Rule 47(c) of the AAA rules provides that parties to the AAA rules shall be deemed to have consented to judgment being entered in federal or state court upon an arbitration award, arbitration agreements applying AAA rules are deemed to have conferred jurisdiction on district courts to confirm such awards. *See, e.g., Qorvis Commc'ns, LLC v. Wilson*, 549 F.3d 303, 308 (4th Cir. 2008); *Kallen v. District 1199, Natl'l Union of Hosp. & Health Care Emp.*, 574 F.2d 723, 724–26 (2d Cir. 1978); *Commonwealth Edison Co. v. Gulf Oil Corp.*, 541 F.2d 1263, 1272–73 (7th Cir. 1976). Additionally, the Court finds that venue is proper because the franchise agreement identified federal and state courts of general jurisdiction in Stark County Ohio as having exclusive jurisdiction over any matter arising out of the agreement, and, alternatively, because the arbitration proceeding took place via telephonic conference in Akron, Ohio and Coconut Creek, Florida. (Fran. Agr. § 18(H); *see* Compl. at 82.) *See Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.*, 529 U.S. 193, 195, 120 S. Ct. 1331, 146 L. Ed. 2d 171 (2000) (The venue provisions of the FAA allow a motion to confirm to be brought "either where the award was made or any district proper under the general venue statute.")

be served upon the adverse party or his attorney within three months after the award is filed or delivered"). As a result, confirmation of the arbitrator's award is required pursuant to Section 9 of the FAA.

### III. CONCLUSION

Accordingly, for the foregoing reasons, plaintiff's renewed motion (Doc. No. 15) is GRANTED. The arbitration award, issued in AAA Case No. 01-18-0001-6101, is hereby CONFIRMED in all respects. Judgment is entered in accordance with the arbitration award (Doc. No. 2-2) attached hereto as Exhibit A.

**IT IS SO ORDERED**.

Dated: October 2, 2019

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**